# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**CAROL J. SMITH,**

    **Plaintiff,**

v.              Case No: 6:16-cv-853-Orl-18GJK

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **MOTION FOR AWARD OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. §2412(d) (Doc. No. 22)**
>
> **FILED:**   **August 21, 2017**
>
> ———
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED IN PART AND DENIED IN PART**.

On May 22, 2017, judgment was entered reversing and remanding this case to the Commissioner of Social Security (the "Commissioner") for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). Doc. No. 21. On August 21, 2017, Plaintiff filed a motion for an award of attorneys' fees pursuant to the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412(d) (the "Motion"). Doc. No. 22. In the Motion, Plaintiff requests the Court award attorneys' fees in the amount of $5,566.71. *Id.* at 1. On August 28, 2017, the Commissioner filed a response stating that she does not oppose the Motion. Doc. No. 23.

In the Motion and attachments, counsel for Plaintiff, Shea A. Fugate, states that she worked 28.9 hours at a rate of $192.62 per hour.[1] Doc. No. 22-1 at 2; Doc. No. 22-2 at 3-4. Plaintiff's counsel provides support showing that the hourly rates requested do not exceed the statutory caps adjusted for inflation. Doc. No. 22-1 at 2-3; Doc. No. 22-4 at 1. After reviewing the hours worked and the hourly rate charged, the undersigned finds the fees requested to be reasonable.

Plaintiff requests that the EAJA fees be paid directly to counsel pursuant to Plaintiff's assignment of EAJA fee (Doc. No. 22-3) so long as it is determined that Plaintiff does not owe a debt to the United States Government. Doc. No. 22 at 2. In *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524-30 (2010), the Supreme Court held that EAJA fees are awarded to the "prevailing party" or the litigant rather than to the litigant's attorney. However, the Supreme Court noted that nothing in the statute or its holding affects the prevailing party's contractual right to assign his or her right to receive the fee to an attorney. *Id.* at 2528-29. An assignment, however, must comply with the requirements in 31 U.S.C. § 3727(b) in order to be valid. *See Farm Bureau Mut. Ins. Co. v. U.S.*, 5 Cl. Ct. 142, 145 (Cl. Ct. 1984).

Specifically, Section 3727(b) provides that:

> <u>An assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued</u>. The assignment shall specify the warrant, must be made freely, and must be attested to by [two] witnesses. The person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment. The certificate shall state that the official completely explained the assignment when it was acknowledged. An assignment under this subsection is valid for any purpose.

---

[1] The first page of the Motion states that Ms. Fugate worked 27.2 hours. Doc. No. 22 at 1. Other documents, however, state that Ms. Fugate worked 28.9 hours. Doc. No. 22-1 at 2; Doc. No. 22-2 at 4; Doc. No. 23. Thus, the Court will interpret the stated hours worked on the first page of the Motion as a scrivener's error.

31 U.S.C. § 3727(b) (emphasis added). Thus, an assignment made prior to the award of attorneys' fees necessarily violates the Anti-Assignment Act because the claim has not been allowed, the amount of the claim has not been decided, and a warrant for the claim has not been issued. *Id*. Here, Plaintiff's assignment of EAJA fee does not satisfy the Anti-Assignment Act because the waiver was executed prior to the award of any attorneys' fees. *Huntley v. Comm'r of Soc. Sec.*, Case No. 6:12-cv-613-Orl-37TBS, 2013 WL 5970717, at *5 (M.D. Fla. Nov. 8, 2013). Accordingly, the Court concludes that the award of EAJA attorneys' fees should be made to Plaintiff as the prevailing party. *Id*.

In the Motion, Plaintiff requests an award of attorneys' fees in the amount of $5,566.71. Doc. No. 22 at 1. The undersigned concludes that Plaintiff is entitled to $5,566.71 in attorneys' fees and that such fees are reasonable.

Accordingly, it is **RECOMMENDED** that the Motion (Doc. No. 22) be **GRANTED IN PART** and **DENIED IN PART** as follows:

1) The Court should grant the Motion to the extent that the Court awards EAJA attorneys' fees to Plaintiff in the amount of $5,566.71; and

2) Otherwise, the Court should **DENY** the Motion.[2]

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or

---

[2] The United States Department of the Treasury may exercise its discretion in honoring Plaintiff's assignment of benefits if it determines that the Plaintiff does not owe a debt to the Government. However, the undersigned will not recommend that the Court order the Department of Treasury to honor such assignment.

legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on September 6, 2017.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy